IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| New Hope Wesleyan Church, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING** |
| ) | **CHIEF INDUSTRIES'** |
| vs. ) | **MOTION TO TRANSFER** |
| Ecclesia Construction Company, LLC, ) | |
| d/b/a/ Ecclesia Building Strategies, ) | |
| ) | |
| Defendant and Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | Case. No.1:23-cv-105 |
| ) | |
| Chief Industries, Inc., d/b/a Chief ) | |
| Buildings; Hite Architecture, P.A.; ) | |
| Shultz Engineering Group, P.C.; ) | |
| Ironhidez Construction, LLC f/k/a ) | |
| Froemming Construction; and ) | |
| Commercial Exterior Specialties, LLC, ) | |
| ) | |
| Third-Party Defendants. ) | |

Before the Court is Third-Party Defendant Chief Industries "Chief Industries" motion to dismiss or transfer filed on August 11, 2023. See Doc. Nos. 33 and 35. Defendant and Third-Party Plaintiff Ecclesia Construction Company, LLC, ("Ecclesia") filed a response in opposition to the motion on September 1, 2023. See Doc. No. 37. Chief Industries filed a reply brief on September 15, 2023. See Doc. No. 40. For the reasons set forth below, the motion to transfer is granted.

I.     **BACKGROUND**

In May of 2013, the Plaintiff New Hope Wesleyan Church ("Church") contracted with Ecclesia to construct a large addition on its church property located in Williston, North Dakota.

1

Ecclesia, serving as a general contractor for the project, entered into numerous subcontract agreements with various contractors and suppliers, including Chief Industries, to assist with the project. Pursuant to the contract between Ecclesia and Chief Industries, Chief Industries was to design and manufacture pre-engineered aspects of the project and to supply certain materials in exchange for payment from Ecclesia. Chief Industries provided building components to Ecclesia for use in the project. The project was completed in June of 2015 and within months there were reports of numerous construction defects. The Church hired third parties to undertake repairs which were completed in 2022.

In May of 2023, the Church sued Ecclesia relating to construction work it performed on the Project. On May 30, 2023, Ecclesia removed the action from the State District Court of Williams County, North Dakota, to federal court pursuant to 28 U.S.C. § 1332. Eccleasia is a North Carolina LLC with two members, both of whom reside in South Carolina. Chief Industries is a Deleware corporation with its principal place of business in Grand Island, Nebraska. Ecclesia then brought third-party claims against Chief Industries and four other subcontractors associated with the project.

The Agreement to Purchase between Ecclesia and Chief Industries contains the following choice of law and forum selection provisions:

> This agreement shall be governed by, and construed in accordance with the internal laws of the State of Nebraska, USA. Any legal action or proceeding arising under or with respect to this Agreement shall be brought only in the district courts of Nebraska, or the United States District Court for the District of Nebraska, and, by execution and delivery of this Agreement, that Chief and [Ecclesia] each hereby accepts for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts and hereby irrevocable waive any objection thereto, including without limitation, personal jurisdiction or forum non conveniens.

See Doc. No. 34-4, p. 45. Chief Industries has filed a motion to dismiss or transfer of the third-party claim against it to the District for Nebraska based upon the forum selection clause in the contract. Ecclesia opposes the motion.

## II.     LEGAL ANALYSIS

A forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The "overarching consideration under § 1404(a) is whether a transfer would promote the interests of justice." " Atl. Marine Const. Co., 571 U.S. at 63. The "proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co., 571 U.S. at 59–60 (internal quotations omitted). When a contract contains a valid forum selection clause, the court should ordinarily transfer the case to the forum specified in the clause. Id. at 62. The burden is on the plaintiff to show why transfer to the forum the parties bargained for is unwarranted. Id. at 63. In doing so, private interest factors are irrelevant because the parties have preselected a forum. Id. at 64. Only public interest factors should be considered. Id. The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) the forum's interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in

an unrelated forum with jury duty. Id. at 63, n. 6; Staal v. Scherping Enterprises, Inc., 1:18-CV-127, 2018 WL 11150460, at *4 (D.N.D. Dec. 12, 2018). The public interest factors will rarely defeat a transfer motion. Atl. Marine Const. Co., 571 U.S. at 63.

    In this case, it is undisputed that the forum selection clause is valid. Turning to the public interest factors, the Court finds this is not one of those unusual cases where the forum selection clause should not control. The first factor, court administration, slightly favors denying transfer as it will result in two cases going forward rather than one. However, neither the District of North Dakota nor the District of Nebraska is facing a judicial emergency and the per judge caseload statistics are similar. The second and third factors favor transfer. The choice of law provision calls for the application of Nebraska law and transfer would allow the case to proceed in Nebraska with a Nebraska jury which is what the parties bargained for in their contract. In addition, the components Chief Industries sold to Ecclesia were manufactured in Nebraska, which is Chief Industries' principal place of business. The fourth factor weighs slightly in favor of transfer as the District of Nebraska is no doubt more familiar with Nebraska law than the District of North Dakota, although the District of North Dakota regularly applies the law of other states. The jury duty factor is neutral. Both districts have ties to the litigation as the project was located in North Dakota while the components Chief Industries provided were manufactured in Nebraska where Chief Industries is located. Ecclesia does not have strong ties to either North Dakota or Nebraska as it is a North Carolina LLC whose two members both live in South Carolina. The Court concludes Ecclesia has not met its burden of demonstrating the public interest factors overwhelming disfavor transfer.

### III. <u>CONCLUSION</u>

Upon careful consideration of the all the relevant factors, the Court concludes the interests of justice require the forum selection clause be given full force and effect. As the forum selection clause specifies the district in which all disputes should be venued, the Court **DENIES** the motion to dismiss (Doc. No. 33) and **GRANTS** the motion transfer (Doc. No. 35). The Clerk of Court shall transfer Ecclesia's third-party complaint against Chief Industries to the United States District Court for the District of Nebraska.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2024.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court